**UNITED STATES of America,**
**Appellee,**

v.

**Juan Carlos MAGALLON–**
**AVALOS, Appellant.**

**No. 03–2879.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 7, 2003.

Decided Nov. 26, 2003.

Richard Louis Murphy, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff–Appellee.

John P. Messina, Federal Public Defender's Office, Des Moines, IA, Juan Carlos Magallon–Avalos, Cedar Rapids, IA, for Defendant–Appellant.

Before RILEY, MCMILLIAN, and SMITH, Circuit Judges.

PER CURIAM.

In this direct criminal appeal, Juan Magallon–Avalos (Magallon) challenges his conviction for illegally reentering the United States after being deported following a felony conviction. For reversal Magallon argues that the district court[1] failed to comply with Federal Rule of Criminal Pro-

---

1. The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

cedure 11(b)(1)(I) and (M) in taking his guilty plea. Magallon did not object in the district court and, even if the district court did not comply with the technical requirements of Rule 11, Magallon failed to show his substantial rights were affected. *See United States v. Vonn*, 535 U.S. 55, 58–59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain error rule, i.e., that claimed plain error affected defendant's substantial rights); *United States v. Prado*, 204 F.3d 843, 846 (8th Cir.2000) (analyzing Rule 11 plain error in terms of whether defendant would have otherwise pled guilty).

Accordingly, we affirm.